# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 24, 2009 at Knoxville

## STATE OF TENNESSEE v. JASON ALLEN RUIZ

**Appeal from the Circuit Court for Marshall County**
**No. 15812     Robert Crigler, Judge**

---

**No. M2009-01297-CCA-R3-CD - Filed April 23, 2010**

---

The Defendant, Jason Allen Ruiz, pled guilty to one count of sale of cocaine and one count of delivery of cocaine, both Class B felonies.  The trial court merged the convictions and imposed an effective sentence of eight years as a Range I, standard offender to be served on probation following an 11 month and 29 day period of confinement in the local jail on work release.  Following the filing of a revocation warrant and an evidentiary hearing, the trial court found that the Defendant had violated the conditions of his probation and ordered him to serve his sentence in incarceration.  In this appeal as of right, the Defendant contends that the trial court abused its discretion by ordering him to serve his sentence in confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, attorneys for appellant, Jason Allen Ruiz.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

# OPINION

At the guilty plea submission hearing, the trial court[1] stated that if the Defendant revealed his drug source, he could petition the court for suspension of his confinement sentence after 120 days. After approximately five months, the Defendant petitioned the trial court for suspension of his sentence; however, the trial court denied the petition because the Defendant still refused to reveal his drug source. This court reversed the trial court's decision and suspended the Defendant's sentence, effectively sending him to probation. The supreme court reversed this court's decision and ordered the Defendant to serve the remainder of the 11 month and 29 day sentence on work release in the county jail. Once the Defendant was on probation, a probation violation warrant issued alleging that the Defendant failed a drug screen by testing positive for marijuana.

At the March 20, 2009 revocation hearing, the Defendant pled guilty and admitted that he tested positive for marijuana. He asked the court to consider giving him a lesser sentence or work release. He explained that he has a wife, two kids, and a house. He stated that he would be able to get his job back if he were released back to probation. He admitted that his wife also has a job; however, he stated that her income is not enough to support the children and maintain the home. On cross examination, the Defendant admitted that this is his second violation and that after his first violation, the trial court had allowed him to serve 90 days and then return to probation. When asked about his failed drug test, the Defendant admitted that he smoked marijuana but also insinuated that something was wrong with the test or the probation officer who administered the test.

At the conclusion of the hearing, the trial court found that the Defendant had violated the conditions of probation and ordered him to serve his sentence in confinement, stating:

> This is your second revocation. The first one was for two reasons. The original was for going out of state without permission but there was also an amended warrant for smoking marijuana. Now you have got another one for smoking marijuana.
>
> I don't know why you answered the way that you did, that is what the probation officer says, but when you get down to being

---

[1] Judge Crigler was not the trial judge who accepted the guilty plea and instituted the special conditions for release.

questioned you admit that you were smoking so I don't know why you would bother to even cast aspersions as to her.

I am going to order you to serve the balance of the sentence. It is a shame you didn't take [advantage] of the probation that you had in the past, but enough is enough at some point.

## ANALYSIS

The Defendant contends that the trial court "improperly required the [D]efendant to serve the balance of his sentence for violating the terms of his probation." The Defendant contends that the trial court "should have imposed a [sentence of] split confinement followed by mandatory inpatient drug rehabilitation." The State responds that the trial court acted within its discretion in revoking probation and reinstating the sentence of confinement.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). "The evidence need only show [that] the trial judge has exercised conscientious judgment in making the decision rather than acting arbitrarily." Id. Our standard of review on appeal is whether the trial court abused its discretion in finding that a violation of probation occurred. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to conclude that the trial court abused its discretion, there must be "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). "Such a finding 'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant admitted to the violations at the revocation hearing but asked the trial court to give him one more chance to succeed on community corrections. The Defendant also tried to cast doubt on either the accuracy of the drug screen or the credibility of the probation officer. The record more than supports the trial court's decision to revoke probation and to order the sentence served in confinement. We conclude that the trial court exercised a conscientious judgment in arriving at its determination. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

In consideration of the foregoing, the judgment of the trial court revoking the Defendant's probation and ordering service of the sentence in confinement is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE